Steven Robert **CERNIGLIA**,
Plaintiff–Appellant,

v.

**SACRAMENTO COUNTY;** Lou Blanas, Sheriff; Harris, Sacramento County Sheriff and Jail Commander; McGuire, Sacramento County Sheriff's Deputy; Kobza, Sacramento County Sheriff's Deputy; Mendoza, Deputy; Kremkin, Deputy; Winn, Deputy; Edwards, Deputy; Harris, Deputy; Hidalgo, Deputy; Petersen; Deputy; Koontz, Deputy; Dillon, Sacramento County Sheriff, Sgt., Defendants–Appellees.

No. 04–17478.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 2006.*

Filed Jan. 31, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steven Robert Cerniglia, Coalinga, CA, pro se.

Erica L. Rasasco, Esq., David A. Melton, Porter, Scott, Weiberg & Delehant, Sacramento, CA, for Defendants–Appellees.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM**

Steven Cerniglia was detained in 1997 pursuant to California's Sexually Violent Predator Act (SVPA), Cal. Welf. & Inst. Code § 6000 et. seq., and adjudicated to be a sexually violent predator (SVP). Two years later, during his civil recommitment process, Cerniglia was held in "total separation" (T–Sep) at the Sacramento County Jail. He alleges in this civil rights action that jail officials there treated him "in a manner more harsh than both other civil detainees and the convicted prisoners in the jail" and thus violated his constitutional rights. The district court granted summary judgment, ruling the individual defendants were entitled to qualified im-

** This disposition is not appropriate for publication and is not precedent except as provid-

munity. The court reasoned that SVP detainees did not have a "clearly established right not to be housed in a county jail" and that "a reasonable correctional officer ... would not have concluded that Cerniglia's constitutional rights were being violated." The court also ruled the institutional defendants were immune because the SVP detainees were confined pursuant to state law rather than county policy. After the court's decision, we issued two opinions reviewing the constitutionality of treatment afforded to SVP detainees. Those opinions compel us to reverse the district court in this case and remand for further proceedings.

### DISCUSSION

In *Jones v. Blanas,* 393 F.3d 918 (9th Cir.2004), *cert. denied,* — U.S. ——, 126 S.Ct. 351, 163 L.Ed.2d 61 (2005), we considered whether an SVP detainee's constitutional rights were violated when he was held in T–Sep at the Sacramento County Jail in 1999. We reversed summary judgment in favor of defendants, reasoning that "an individual detained under civil process ... cannot be subjected to conditions that amount to punishment." *Id.* at 932 (internal quotation omitted). We rejected the County's contentions that confinement in T–Sep is neither punitive nor "a disciplinary category." *Id.* at 934. We also rejected the County's assertion that its treatment of SVP detainees is directed by state law rather than local policy. *Id.* We noted that "[i]f the criminal population can be safely housed without the restrictions of T–Sep, it is difficult to see why SVPA detainees could not be so housed as well." *Id.* at 935.

More recently, in *Hydrick v. Hunter,* 466 F.3d 676 (9th Cir.2006) (petition for

ed by 9th Cir. R. 36–3.

rehearing pending), we reviewed the policies and procedures that governed the treatment of SVP detainees in 1998 at the California State Hospital. Those detainees alleged that treatment and conditions of confinement at the hospital violated their constitutional rights. We affirmed the district court's refusal to grant qualified immunity to defendants. *Id.* at 702. We reasoned that "civilly detained persons must be afforded more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Id.* at 691 (internal quotation omitted). We held that the detainees alleged violations of clearly established rights and that hospital officials could not have reasonably believed the treatment of these detainees was constitutional. *Id.* at 702. Finally, we rejected the state's contention that supervisory and policymaking defendants were immune from liability. *Id.* at 689 (noting the constitutional violations were either "set in motion by Defendants' policy decisions or ... Defendants knew of these abuses and demonstrated a deliberate indifference to the SVPs' plight") (internal quotation omitted).

We conclude that *Jones* and *Hydrick*, taken together, require us to reverse the district court's grant of summary judgment and remand for further proceedings in light of those opinions.

**REVERSED** and **REMANDED.**